## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| PRINCESS B. MAGELLAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| | § | |
| KEVIN K. MCALEENAN, Acting Secretary, | § | |
| Department of Homeland Security, | § | JURY DEMANDED |
|     Defendant | § | |
| | § | |

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff PRINCESS B. MAGELLAN, in the above numbered and entitled case, complains of KEVIN K. MCALEENAN, ACTING SECRETARY, DEPARTMENT OF HOMELAND SECURITY (DHS). (Hereafter, "Defendant and/or Agency"), Defendant in the above numbered and entitled case, and for cause(s) of action would respectfully show unto the Court and jury as follows:

## I. PARTIES

1.     Plaintiff, PRINCESS B. MAGELLAN is a citizen of the United States, is the age of 55, who is employed as a GS-12 Mission Support Specialist, by the DEPARTMENT OF HOMELAND SECURITY at the Agency's facility in San Antonio, Texas, during the time period wherein the present of cause of action accrued.

PRINCESS B. MAGELLAN is a federal employee within the meaning of 29 U.S.C. § 633(a) *et seq,* Section 701(f) and Section 717(a) of Title VII, 42 U.S.C. Sec. 2000e(f) and 16(a) and at all relevant times was a federal employee. PRINCESS B. MAGELLAN (Hereafter

1

"Princess") is a resident of the city of Helotes, Texas.

2.      Defendant KEVIN K. MCALEENAN is the ACTING SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, which is an agency of the United States government. Defendant does business at the United States Department of Homeland Security, 3801 Nebraska Ave, NW, Washington, DC 20016. Defendant KEVIN K. MCALEENAN is sued in his official capacity as ACTING SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, and as such, is amenable to suit as provided in 29 U.S.C. § 633(a) *et seq* and Section701(f) and Section 717(a) of Title VII, 42 U.S.C. Sec. 2000e(f) and 16(a) and may be served by Acting Secretary, KEVIN K. MCALEENAN.

## II. JURISDICTION

3.      This action arises under the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq*., 29 U.S.C. § 633(a) *et seq.;* Sex Discrimination under Title VII of the Civil Rights Act of 1964, Section 701 et. seq., as amended, 42 U.S.C.A. 2000e, et. seq., 29 C.F.R. 1614 *et.seq*., and 28 U.S.C. Section 1346.

4.      All of the necessary administrative prerequisites have been met prior to filing the instant action, as Plaintiff has filed timely complaints of discrimination and retaliation with her federal employer, the Department of Homeland Security, and brings her claims more than 180 days after she filed her complaints.

5**.**      The Western District of Texas is where the action complained of in the present case took place, where the employment records relevant to the unlawful practices are kept, and where the Plaintiff worked during the time period wherein the unlawful actions of the Defendant occurred.

6.      The jurisdiction of the Court is invoked pursuant to 28 US.C. § 1343(a)(4), 29

U.S.C. § 626(c)(1), 29 U.S.C. § 633(a) *et seq.,* 29 U.S.C. Sec. 621 *et seq.* and 42 U.S.C. § 2000E-5 (2012).

### III. VENUE

7.     Venue is appropriate in this District pursuant to 28 U.S.C. §1391 and 42 U.S.C. 2000e-5(f)(3), because the Defendant resides in this judicial district, and a substantial part of the events giving rise to this action took place within this judicial district.

### IV. FACTS

8.     Princess is a Mission Support Specialist for the Agency. She has worked under intense stress and hostile conditions for approximately eleven of the almost thirteen years she has been employed at the Agency's ICE/ERO San Antonio Field Office. The hostile actions complained of in the present complaint are a direct result of discrimination and in retaliation for the multiple EEO complaints Princess has filed against the Agency.

9.     Princess received an email from her supervisor Marcos Reyna on or about November 10, 2015 instructing her to assist Mr. Calvin Johnson with the purchase of an ergonomic chair.   Indeed, Mr. Reyna never forwarded Mr. Johnson's medical documentation which was attached to Mr. Johnson's email that Mr. Johnson had previously sent to Mr. Reyna. Princess did not purposely delay anything as it was Mr. Ryan's negligence in not attaching Mr. Johnson's medical documentation that caused the delay. However, that truth did not stop the Agency to later blame only Princess for the delay.

10.     Having not received Mr. Johnson's medical documents, Princess could not proceed with the purchase of his chair.   Government Purchase Card regulations require medical documentation for purchases that are made using a government credit card.   Princess requested

the medical documentation from Mr. Johnson and eventually received it on January 9, 2016. The chair was purchased by Princess and it arrived at their office on or about January 26, 2016.

11.     Mr. Johnson proceeded to file an EEO complaint against the Agency at the ICE/ERO San Antonio Field Office.   Mr. Johnson claimed that the Agency discriminated against him because of his disability, alleging that Princess purposely delayed the purchase of his ergonomic chair. Of course this allegation was not true. Instead of backing Princess, Agency management chose to retaliate and discriminate against her by chastising Princess for the delay of the ergonomic chair.

12.     On or about September 4, 2015, management sent an email to the Mission Support Specialists on the fourteenth floor advising them that they were going to be rotated so that they could all "cross train" in other administrative areas and gain experience.   They were told it was a "Career Development Program."

13.     However, not all the Mission Support Specialists were rotated.   Out of approximately 20 employees only four were rotated.   Three females, Princess being one of the females, and one male were rotated.   The other Mission Support Specialists were left in the units they were in before the rotation. Princess was rotated to a less desirable position because of her age, sex and for her prior protected EEO activity.

14.     On or about September 2015, Princess received an email from Jeff Sealey, her (acting) supervisor at the time, instructing her to register for a Sunflower Training course being held in Phoenix, AZ.   Sunflower is the program used by the Agency to track and inventory property assets.   As the Property Lead, Princess was now required to take Sunflower training.

4

Princess advised Mr. Sealey that she was unable to attend this training on the suggested dates because of a medical issue with an immediate family member. Mr. Sealey didn't believe Princess and thought she was bluffing.

15.     On or about September 2015, two supervisory vacancy selections within the Agency San Antonio Field Office were announced. Princess had applied for both of those vacancies but was not selected even though her qualifications for the positions were observably superior to that of the selectees (Christine Roberts and Jeff Sealey). The real reason Princess was not selected was because of her age and in retaliation for her prior protected EEO activity. Adding insult to injury Ms. Roberts became Princess's immediate supervisor.

16.     On or about October 2015, Princess filed an OSC complaint against the Agency for prohibited personnel practices and also complained to the office of Texas Congressman Michael McCaul. Congressman McCaul's office asked Princess to write a synopsis of her complaints. Mr. McCaul's office then forwarded Princess's written synopsis to the Inspector General's office.

17.     On or about October 28, 2015, Princess received a performance appraisal from AFODM Marcos Reyna who had been serving as her first and second line supervisor for the past two years. During her meeting with Mr. Reyna, he claimed that Princess had not done her job in reference to two contracts which allegedly caused serious delivery delays. Mr. Reyna also referenced Calvin Johnson's chair situation. The majority of the bullets on the document Mr. Reyna was reading from contained negative statements regarding Princess's job performance. Princess received the lowest performance rating of all the administrative employees at that Agency field office. The only other time Princess did not receive a performance rating of

5

"Outstanding or Achieved Excellence" was in 2009 when she had two EEOs Complaints before with the EEOC.

18.     On or about December 2015, Princess filed the first of the EEO complaints against the Agency that are the subject matter of the present federal complaint. Said EEO complaint was given Agency Case No. HS-ICE-25271-2016 reflecting her claims for discrimination, retaliation and hostile work environment.

19.     From on or about January 2016 to February 2016, Agency management officials continuously harassed Princess regarding her attending Sunflower training. Agency management officials exploited the fact that Princess had a special needs child and intentionally forced Princess to attend Sunflower training when they wanted her to go, not when she was able to go.

20.     On or about April 2016, Princess filed her second EEO Complaint (No. HS-ICE-26158-2016) that is also the subject matter of the present lawsuit. Ultimately Case No. HS-ICE-26158-2016 was combined into one case under Case No. HS-ICE-25271-2016.

21.     On or about January 2017, Mr. Reyna tasked Princess to complete the excess process by excessing everything herself. However, Princess was not afforded any "overtime" and nor was she given any assistance to help move the heavy furniture and other misc. items. Plaintiff was also not assigned a relief employee to allow her to take lunch or go to the bathroom. The Agency actions regarding Princess's work on the excess process amounted to intentional harassment that contributed to the overall hostile work environment Princess was being subject to.

22.     It should be noted that ever since Princess entered on duty with the Agency on or

about September 2006, she witnessed and took part in the annual inventory.   Each employee who was assigned to help inventory Property Assets was given a "Time-Off" award of anywhere from eight hours to twenty-four hours depending on how much assistance an employee contributed to the inventory.   During the two years (2015 and 2016) Princess was assigned to the Property Unit she led and coordinated the annual inventory but received no awards, no accolades while other employees that assisted with the inventory those two years received "Time-Off" awards.   In 2017 and after, when Princess had been re-assigned to the Procurement/Contracting Unit, all employees who have assisted with the annual inventory have received "Time-Off" awards.

23.     During the summer months of 2017, Princess was given the run around and intentionally misinformed by Agency management officials and HR officials about the filling of Vacancy No. LAG-FAO-1868313-AP-049. Princess would ultimately learn that she was not selected to fill that vacancy and another similar vacancy she had applied for. Princess was not selected for either position because of her age and in retaliation for her prior protected EEO activity.

24.     On or about June 2017, Princess requested to be allowed to take Contracting Officer Technical Representative (COR) training in order to obtain her recertification but she was told that there was no funding for her to go. However, other employees were allowed to travel during the same time period.

25.     On or about July 2017, Princess was verbally attacked by employee Raul Olvera. Right after the incident took place, Princess contacted Mr. Reyna to advise him of what had happened and to request a meeting with him and Christine Roberts.   He refused to meet with

Princess and instructed her to address the incident with her supervisor Ms. Roberts. Princess did as instructed and met with Ms. Roberts.   She listened to Princess for about ten minutes and then went to speak with Raul Olvera.   The next day Ms. Roberts called both of them into her office and stated that while she confirmed that the incident did occur, she proceeded to blame Princess for Mr. Olvera's hostile behavior towards Princess. It was astonishing to Princess that she was assaulted through no fault of her own yet she was being blamed for the assailant's violent behavior. Indeed, adding to Princess's astonishment, was the fact that a few months after Mr. Olvera's assault, Mr. Olvera was promoted and received his own office. In the thirteen years that Princess has been employed at that field office she was never assigned her own office.

26.     On or about September 2017, Princess's COR certification expired. However, Princess was still reassigned back to the Procurement/Contracting unit and management pressured Princess to hurry up and get her COR training done in order to do her duties. This was the same training Princess had requested back in June 2017 but was denied.

27.     On or about September 2017, the Agency announced that the Staff/Special Assistant vacancy No. LAG-FAO-1994848-AP-070 was filled. The selectee was Melissa Lopez, not Princess, even though Princess's qualifications for said vacancy were observably superior to that of Ms. Lopez. Princess was not selected because of her age and prior protected EEO activity.

28.     On or about February 2018, a Supervisory Mission Support Specialist vacancy was announced in USAJOBS for the Agency Harlingen Resident office.

29.     On or about March 2018, the Agency announced that Rita Bass was selected for the vacant Supervisory Mission Support Specialist role that was announced in February 2018.

The circumstances surrounding Ms. Bass's selection and her subsequent "swap" to another position immediately after being selected for the Supervisory Mission Support Specialist role was riddled with highly suspect procedural irregularities that eliminated Princess's opportunity to apply for the position that Ms. Bass was "swapped" to. The Agency's actions were intentional and by design to retaliate against Princess.

30.     Sometime late in April 2018, Princess became aware that Calvin Johnson, the Agency employee who filed an EEO complaint against the Agency, regarding the delayed purchase of an ergonomic chair, was promoted to a supervisor position. There was no vacancy announcement or notice of said vacant position prior to Mr. Johnson being promoted.

31.     On or about April/May 2018, Princess filed the third EEO Complaint which is also a subject of the present lawsuit. Said complaint was given Case No. HS-ICE-01808-2018 wherein Princess alleges that the Agency continued to discriminate against her because of her age and retaliate against her because of her prior protected EEO activity.

32.     On or about July 31, 2018, Princess received an email from SA William Greg Ryan with the Office of Professional Responsibility (OPR) inquiring if Princess was available to be interviewed.

33.     On or about August 4, 2018, Princess received an official summons to go to the OPR office. Princess did as instructed and met with Mr. Ryan at the OPR office. Mr. Ryan informed Princess that she was there because the Agency alleged that during a meeting with supervisor Gary Pinion and Rita Bass (PII) Personal Identifiable Information about Mr. Calvin Johnson was disclosed by Princess. This allegation is false. The Agency retaliated against

Princess by making her the subject of a bogus OPR investigation.

34.    Princess was clearly more qualified than the selectees for the positions that are the subject of this Complaint and her qualifications were plainly superior to that of the selectees. At all relevant times, Princess continued to be qualified to fulfill the requirements of the positions, and desired to be selected for the positions.

35.    Because age was a motivating factor and made a difference in the decision not to promote Princess, the Defendant violated the Age Discrimination in Employment Act with knowing or reckless disregard of the Act's proscriptions.

36.    On information and belief, Princess asserts that the Defendant acted with malice and in reckless disregard of her rights and welfare.

37.    Defendant, through its subordinates, retaliated against Princess and continued to retaliate against Princess for engaging in the EEO process in violation of the ADEA and Title VII.

## V.    CAUSES OF ACTION

38.    Princess incorporates the preceding and proceeding paragraphs into this paragraph by reference. The above described facts constitute retaliation and discrimination based on age, and sex in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 633(a) *et seq.*, 29 U.S.C. § 621 *et seq.*, and Title VII.   Defendant's reasons for not selecting Princess were pretext for its true reason for not selecting her intentionally because of her age and sex, as well as being in retaliation for Princess's opposition to discrimination.

39.    Princess incorporates the preceding and proceeding paragraphs into this paragraph

by reference. Princess was subjected to a hostile work environment based on age, sex and retaliation in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 633(a) *et seq.*, 29 U.S.C. § 621 *et seq.*, and Title VII.

40.     Princess incorporates the preceding and proceeding paragraphs into this paragraph by reference. Defendant's conduct in harassing and not promoting Princess violates the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 633(a) *et seq.*, 29 U.S.C. § 621 *et seq.*, and Title VII. Princess is suffering, and will continue to suffer irreparable injury as a result of the acts of the Defendant.

## VI.     DAMAGES

41.     Princess's claims of discrimination and retaliation are within the jurisdictional limits of this Court.

42.     Princess incorporates the preceding and proceeding paragraphs into this paragraph by reference. The conduct described above proximately caused actual and compensatory damage to Princess, including but not limited to lost wages, benefits, humiliation and emotional distress, physical pain and suffering, medical services and medications in the past and in the future, damage to her personal reputation, damage to her professional reputation, damage to her earning capacity, and damage to her enjoyment of life.

43.     Princess is entitled to recover reasonable attorney fees pursuant to EAJA 28 U.S.C. § 2412(b), Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 633(a) *et seq.*, 29 U.S.C. § 621 *et seq.*, and Title VII.

11

**PRAYER FOR RELIEF**

44.     WHEREFORE, Princess requests that this Honorable Court advance this case on the docket, order a jury trial at the earliest practical date, and grant Princess the following relief pursuant to all federal law and statutes cited in the preceding and proceeding paragraphs, including, but not limited to the following:

(a)     Grant Princess permanent injunction enjoining Defendant, their agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Princess's rights;

(b)     Issue an order requiring Defendant to promote Princess to a position she applied for and/or at a higher position to which she is entitled by virtue of her responsibilities and qualifications or award front pay if such promotion is not feasible;

(c)     Issue an order awarding Princess back pay with interest, fringe benefits, and any other appropriate relief necessary to make Princess whole and compensate her for the civil rights violations described above;

(d)     Award Princess compensatory damages for mental anguish;

(e)     Award Princess prejudgment and post-judgment interest as allowed by law;

(f)     Award Princess attorney fees and costs of this suit;

(g)     Award Princess such other legal and equitable relief as this Court deems just and proper;

(h)     Award Princess damages requested in part VI of this Complaint;

(i)     Award Princess all other relief, in law and equity, to which Princess may

be entitled;

(j)     Award Princess all other relief, in law and equity, to which she may be

entitled.

                                Respectfully submitted,

                        By:     /x/Ashok Bail_____
                                ASHOK BAIL
                                STATE BAR #24043541
                                3120 Southwest Freeway, Suite 450
                                Houston, Texas 77098
                                (832) 216-6693 (Tel)
                                (832) 263-0616 (Fax)
                                ashok@baillawfirm.com


                                OF COUNSEL:

                                HESSAM PARZIVAND
                                STATE BAR #24071157
                                10701 Corporate Dr.
                                Suite 185
                                Stafford, Texas 77477
                                (713) 533-8171 (Tel)
                                (713) 533-8193 (Fax)
                                hp@parzfirm.com

                                Of Counsel:
                                THE PARZIVAND LAW FIRM, PLLC

                                ATTORNEYS FOR PLAINTIFF

`